*Judge Hellerstein*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                   :
UNITED STATES OF AMERICA           :
                                   :   INFORMATION
          -v.-                     :
                                   :   11 Cr.
JAMAL BEYROUTI,                    :
                                       **11 CRIM 154**
                    Defendant.     :
                                   :
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

COUNT ONE
(Wire Fraud)

The United States Attorney charges:

1.   From at least in or about May 2009, up to and including in or about March 2010, in the Southern District of New York and elsewhere, JAMAL BEYROUTI, the defendant, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did transmit by means of wire, radio, and television communication in interstate and foreign commerce, a writing, sign, signal, picture, or sound for the purpose of executing such scheme and artifice, to wit, BEYROUTI caused at least one wire transfer, which cleared through Manhattan, to be sent from an account he controlled at JP Morgan Chase Bank to an account in Hong Kong, in furtherance of a scheme

to transfer monies out of victims' investment accounts and into third-party accounts without the victims' knowledge or authorization.

(Title 18, United States Code, Sections 1343 and 2.)

FORFEITURE ALLEGATION

2. As a result of committing the wire fraud offense alleged in Count One, JAMAL BEYROUTI, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(2), and 28 U.S.C. § 2461, any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violation, including but not limited to at least approximately $1,224,600 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the offense.

Substitute Assets Provision

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value;
or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

    (Title 18, United States Code, Sections 981 and 982,
      Title 21, United States Code, Section 853,
    and Title 28, United States Code, Section 2461.)

*/s/ Preet Bharara*
PREET BHARARA
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAMAL BEYROUTI,

Defendant

**INFORMATION**

11 Cr. _____

PREET BHARARA
United States Attorney

2/18/11
MB

Waiver of indictment & Information filed. Deft arraigned and enters a plea of n/g. to Count 1 of the indictment. Bail continued as set. ELLIS, USMJ.